UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES ANDERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 4:16CV804 JCH |
| | ) |
| CINDY GRIFFITH, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Missouri State prisoner James Anderson's *pro se* amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On July 13, 2011, a jury in the Circuit Court of St. Louis City, Missouri, found Petitioner guilty of murder in the first degree. On September 16, 2011, Petitioner was sentenced to life imprisonment without the possibility of parole. The Missouri Court of Appeals affirmed the conviction and sentence. *State v. Anderson*, 369 S.W.3d 87 (Mo. App. 2012). Petitioner thereafter filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15, which was denied after a partial evidentiary hearing. The Missouri Court of Appeals affirmed the denial of post-conviction relief. *Anderson v. State*, 477 S.W.3d 116 (Mo. App. 2015).

Petitioner is currently incarcerated at the Potosi Correctional Center in Mineral Point, Missouri. In the instant amended petition for writ of habeas corpus, Petitioner raises the following five claims for relief:

(1) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to investigate, interview or present the testimony of prospective witness Lawrence Storey;

(2) That Petitioner was denied his rights to equal protection of the laws, due process of law, and a fair trial, as the State failed to turn over a video of the crime scene until immediately before trial;

(3) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to investigate and construct a credible diagram of the crime scene to challenge the testimony of the State's eyewitnesses;

(4) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to notify the State court that Petitioner overheard a member of the victim's family threaten the jury; and

(5) That Petitioner received ineffective assistance of counsel, in that trial counsel failed to move for the submission of a jury instruction on a lesser offense, manslaughter.

The Court will address the claims in turn.

## DISCUSSION

### I. Procedurally Defaulted Claims

"A section 2254 applicant's failure to raise a claim in state post-conviction proceedings results in procedural default of that claim." *Lyons v. Luebbers*, 403 F.3d 585, 593 (8th Cir. 2005) (citation omitted); *see also Skillicorn v. Luebbers*, 475 F.3d 965, 976 (8th Cir.) (citation omitted) ("Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted."), *cert. denied*, 552 U.S. 923 (2007). "To avoid defaulting on a claim, a petitioner seeking habeas review must have fairly presented the substance of the claim to the state courts, thereby affording such courts a fair opportunity to apply controlling legal principles to the facts bearing upon [the] claim." *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir.) (internal quotations and citations omitted; alteration in original), *cert. denied*, 540 U.S. 870 (2003). "A claim has been fairly presented when a petitioner has

properly raised the same factual grounds and legal theories in the state courts which he is attempting to raise in his federal habeas petition." *Id.* at 1021 (internal quotations and citations omitted). Upon consideration the Court finds that two of the grounds raised in Petitioner's § 2254 petition are procedurally barred, as a result of his failure properly to raise them in state court proceedings.

### A. Ground 2

As stated above, in Ground 2 of his petition Petitioner asserts he was denied his rights to equal protection of the laws, due process of law, and a fair trial, as the State failed to turn over a video of the crime scene until immediately before trial. Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

FINDINGS OF FACT

14. Ms. Ruess[1] received additional discovery from the prosecuting attorney three days prior to the start of the trial. Among the materials she received were a crime scene video….She said….she did not believe the video would be helpful to the defense because the body of the victim was still present and on the ground….

CONCLUSIONS OF LAW

5. Movant[2] claims the State violated his right to a fair trial by….failing to timely turn over a video of the crime scene taken shortly after the crime.

    The Court has viewed the video at issue and finds that Ms. Ruess' assessment that it would not have been helpful was accurate and her decision not to use it was entirely reasonable….[3]

(Resp.'s Exh. 8, PP. 101, 107). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals declined to address the claim, as follows:

---

1 Ms. Geralyn Ruess represented Petitioner at trial.
2 Petitioner is referred to as "movant" by the 29.15 motion court and the Missouri Court of Appeals.
3 The 29.15 motion court apparently treated Petitioner's claim as one for ineffective assistance of counsel.

Trial counsel also testified that she received a video of the crime scene from the prosecutor the week before trial. Trial counsel testified that she could have used the video to cross-examine Watson about his view of the crime scene and question Walls about her eyewitness account. However, trial counsel testified that she did not believe the video was helpful to Movant's case because it showed Victim's body on the ground and she was able to use photographs of the scene with the same conditions as the day of the shooting….

In his fifth point, Movant contends that the motion court clearly erred in denying his motion for post-conviction relief because the State did not disclose, in a timely manner, the video of the crime scene. The State counters that the Court should deny review of Movant's claim because it is a claim of trial court error not cognizable under Rule 29.15.

We first address the State's claim that this Court should not review Movant's claim. Essentially, the State argues that because Movant was aware of the prosecutor's alleged discovery violation but did not raise a constitutional objection at the earliest opportunity, *i.e.*, before trial or on direct appeal, the challenge is waived. *Wallar v. State*, 403 S.W.3d 698, 706 (Mo. App. W.D. 2013). The *Wallar* Court stated that for a disclosure violation to be cognizable in a post-conviction relief proceeding, it must meet the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963), and "be of such a nature that it could not have been raised before the [motion for post-conviction relief]." *Id.* at 707. Under the *Brady* rule, "a prosecutor's failure to disclose exculpatory evidence to the defense denies a defendant a fair trial as guaranteed by the Due Process Clause of the Fifth Amendment, if the undisclosed evidence was material." *Id.*

In his reply brief, Movant argues that the motion court "addressed the merits of [Movant's] claim ultimately concluding the evidence contained on the crime scene video was not material." However, Movant's contention ignores the State's argument that Movant should have raised the alleged discovery violation at trial or on direct appeal. Movant has consistently argued that trial counsel was ineffective for failing to use the video.[4] However, the ineffective assistance of counsel claim differs from the claim raised in Movant's point relied on, which is that Movant's right to due process and a fair trial were violated because "the [S]tate failed to turn over a video of the crime scene until immediately before trial." Review of the entire record reveals that

---

4 In fact, we will address this claim in Movant's Point VI. While the arguments in Movant's Points V and VI somewhat overlap, we do not consider arguments raised in the argument portion of the brief that are not encompassed by the point relied on. Rule 84.04(e); *Helmig v. State*, 42 S.W.3d 658, 666 (Mo. App. E.D. 2001). Therefore, based on the points relied on, Point V challenges the State's disclosure of the crime scene video, while Point VI challenges trial counsel's failure to utilize the crime scene video or another accurate diagram of the crime scene at trial.

> Movant did not complain of a *Brady* violation at trial, in either of his motions for new trial, or on direct appeal. This alleged discovery violation was not of such a nature that it could not have been raised before the motion for post-conviction relief — Movant was aware of the State's disclosure of the video the Thursday before trial and did not complain to the court in any subsequent proceeding. Accordingly, we conclude that because Movant failed to raise his constitutional objection at the earliest opportunity, it is waived and is not cognizable under a Rule 29.15 motion for post-conviction relief. *Wallar*, 403 S.W.3d at 706. Point V denied.

(Resp.'s Exh. 12, PP. 4, 8-10).

"Federal courts may not grant habeas relief based on procedurally defaulted claims if the state court's reason for finding default rests on adequate and independent state grounds." *Wooten v. Norris*, 578 F.3d 767, 777 (8th Cir. 2009) (citation omitted). The Missouri Court of Appeals' rejection of Petitioner's post-conviction claim of a *Brady* violation was based solely on a state procedural rule, specifically, the requirement that claims of *Brady* violations must be raised on direct appeal. *See Ivory v. State*, 422 S.W.3d 503, 507 (Mo. App. 2014) (citation omitted) ("Generally, claims of prosecutorial misconduct are to be brought up on direct appeal and are not cognizable in a Rule 29.15 proceeding."). Thus, "federal habeas review of the claim[] is barred unless the [Petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). *See also Forest v. Delo*, 52 F.3d 716, 719 (8th Cir. 1995); *Keithley v. Hopkins*, 43 F.3d 1216, 1218 (8th Cir.), *cert. denied*, 515 U.S. 1163 (1995).

Assuming without deciding that Petitioner has shown cause for the procedural default[5], the Court finds he fails to demonstrate the requisite prejudice. In other words, as addressed in

---

5 Petitioner attempts to demonstrate cause for the default, by claiming that he was unaware of the existence of the

˜ 5 ˜

connection with Ground 3, *infra*, the Missouri Court of Appeals determined that Petitioner's attorney possessed the video prior to trial, but made a reasonable decision not to utilize it in her interactions with the State's eyewitnesses. In addition, because petitioner has made no claim of actual innocence, he cannot satisfy the "fundamental miscarriage of justice" exception to the required showing of cause and prejudice.[6] *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995); *Washington v. Delo*, 51 F.3d 756, 761 (8th Cir.), *cert. denied*, 516 U.S. 876 (1995). Therefore, the claim raised in Ground 2 of the instant petition is procedurally barred and must be denied.

### B. Ground 5

As stated above, in Ground 5 of his petition Petitioner asserts that he received ineffective assistance of counsel, in that trial counsel failed to move for the submission of a jury instruction on a lesser offense, manslaughter. While Petitioner raised this claim in his *pro se* Rule 29.15 motion (*see* Resp.'s Exh. 8, P. 17)[7], he failed to pursue it on appeal from the denial of that motion. The claim thus is procedurally barred, and this Court cannot reach the merits of the claim absent a showing of cause and prejudice, or a demonstration "that failure to consider the claim[] will result in a fundamental miscarriage of justice." *Coleman*, 501 US. at 750.

This Court previously has ruled out the latter option, by noting that Petitioner fails to make a properly supported claim of actual innocence. With respect to cause for defaulting on the claim raised in Ground 5, the Court notes that Petitioner offers no explanation for the

---

crime scene video prior to trial or direct appeal. (Petitioner's Reply, P. 10).

6 The fundamental miscarriage of justice exception "requires a habeas petitioner to present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir.) (citations omitted), *cert. denied*, 549 U.S. 1036 (2006). "The requirements to establish the requisite probability of innocence are high. [Petitioner] must first come forward with 'new' evidence, and then he must show that 'it is more likely than not that no reasonable juror would have convicted him in light of the new evidence.'" *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir. 2005) (internal citations omitted), *cert. denied*, 547 U.S. 1022 (2006). With his pleadings, Petitioner does not come close to meeting this high standard.

omission. Furthermore, with respect to prejudice, the Court notes Petitioner pursued a similar claim with respect to appellate counsel, and both the 29.15 motion court and the Missouri Court of Appeals denied the claim as meritless. (*See* Resp.'s Exh. 8, P. 109 ("The evidence here that movant went to his truck to retrieve a gun and then shot the victim several times was sufficient for a jury to find deliberation."); Resp.'s Exh. 12, PP. 16-17 ("Here, Movant shot Victim multiple times, and then when Victim fell to the ground, Movant stood over Victim and shot him in the head. Further, Movant immediately fled the scene. Under these circumstances, it was certainly reasonable for the jury to find, beyond a reasonable doubt, that Movant deliberated."). Ground 5 is denied.

## II. Claims Addressed on the Merits

### A. Ground 1

As stated above, in Ground 1 of his petition Petitioner asserts that he received ineffective assistance of counsel, in that trial counsel failed to investigate, interview or present the testimony of prospective witness Lawrence Storey. Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

FINDINGS OF FACT

5. Lakeisha Walls was a witness for the State at movant's trial. She said she was present when the shooting occurred, that she saw movant retrieve his gun and shoot the victim several times, and she identified movant from a photo array and at trial. She also knew movant prior to the shooting.

6. Anthony Watson was also a witness for the State at movant's trial. He testified that he observed the shooting from his home and he took down movant's license plate number. He provided a description of movant and the license plate number to the police. Mr. Watson identified movant at the physical lineup but was unable to identify him as the shooter from a photo array….

---

7 The 29.15 motion court denied Petitioner's claim as frivolous, noting that the lesser charge of second degree murder was submitted but the jury found Petitioner guilty of first degree murder. (Resp.'s Exh. 8, P. 110).

11. Ms. Ruess said she did not speak with Lawrence Storey because there was a statement by Mr. Storey in the police report that was not helpful to the defense. She said Mr. Storey did not witness the shooting but he did see a blue SUV driven by movant leaving the scene. Ms. Ruess said the testimony of Mr. Storey would have placed movant at the scene and leaving the scene at a high rate of speed.

12. Mr. Storey testified at the evidentiary hearing. He said he had been in his kitchen when he heard several shots. He looked out the window and saw a blue SUV going up the alley. Mr. Storey did not witness the shooting; he only saw the SUV drive up the alley past a couple of houses, then across a lot and drive by the front of his house. He said the person he identified in a lineup was the person he had seen driving the SUV away from the scene….

## CONCLUSIONS OF LAW

1. The first claim in movant's amended motion is that his attorney was ineffective for failing to call….Lawrence Storey for trial. He claims [this witness] could have testified in a manner that would have helped his defense.

    Allegations contained in a pcr motion are not self-proving and the movant has the burden of proving his asserted grounds by a preponderance of the evidence. Cole v. State, 223 S.W.3d 927, 931 (Mo.App. S.D. 2007); Alhamoud v. State, 91 S.W.3d 119, 120 (Mo.App. E.D. 2002).

    A movant bears a heavy burden when attempting to show that counsel was ineffective. Giammanco v. State, 416 S.W.3d 833, 838 (Mo.App. E.D. 2013). To prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that his counsel's performance failed to conform to the degree of skill, care and diligence of a reasonably competent attorney and that he was thereby prejudiced. Wilkes v. State, 82 S.W.3d 925, 927 (Mo. banc 2002). There is a presumption that counsel made all significant decisions in the exercise of his reasonable professional judgment and that any challenged action was part of counsel's sound trial strategy. Williams v. State, 168 S.W.3d 433, 439 (Mo. banc 2005); State v. Tokar, 918 S.W.2d 753, 761 (Mo. banc 1996).

    In order to be entitled to relief on the ground that counsel failed to call witnesses movant must identify who the witnesses were and prove that counsel knew or should have known of their existence, establish that the witnesses could have been located through reasonable investigation, the witnesses would have testified if called and their testimony would have provided a viable defense. Vaca v. State, 314 S.W.3d 331, 335-336 (Mo.

> banc 2010); Hutchison v. State, 150 S.W.3d 292, 304 (Mo. banc 2004).
>
> The Court finds that movant has failed to meet his burden of proof with respect to [the witness]….
>
> It is apparent from the testimony at the hearing that Mr. Storey was not a materially significant witness and his testimony would not have materially altered the outcome of the trial.

(Resp.'s Exh. 8, PP. 98. 100, 102-103, 104). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> Movant filed a pro se motion for post-conviction relief. Post-conviction counsel filed an amended motion. In April 2014, the motion court held an evidentiary hearing on three of Movant's post-conviction claims. At the evidentiary hearing, Lawrence Storey testified regarding the day of the shooting. Storey also lived nearby the crime scene and witnessed the shooter driving away in an SUV. Storey testified that he identified Movant in a line-up at the police station. Storey also did not recall speaking with Movant's defense attorney or an investigator. Trial counsel also testified at the evidentiary hearing. She remembered speaking with Movant about Storey being a potential witness, but after reviewing Storey's statement to police, determined that Storey was not helpful to Movant's case….
>
> In order to establish ineffective assistance of counsel, the movant must show that (1) counsel's performance was so deficient that it fell below an objective standard of reasonable competence, and (2) that counsel's deficient performance prejudiced the movant's defense. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). To show prejudice, the movant must show a reasonable probability that, but for counsel's ineffectiveness, the result of the proceeding would have been different. *Id.*
>
> ***Claims Considered at the Evidentiary Hearing***
>
> *Point I: Failure to Investigate Lawrence Story*
>
> In his first point on appeal, Movant argues that [the] motion court clearly erred in denying his claim for post-conviction relief because trial counsel was ineffective for failing to investigate and present the testimony of Lawrence Storey. Movant contends that effective counsel would have used Storey's testimony to impeach Lakeshia Walls' eyewitness testimony about the shooting because Storey would have testified that he did not see a woman in the yard where the shooting took place. The State counters that

Movant did not overcome the presumption that counsel was effective because Storey's testimony would not have been helpful to Movant's case.

At the evidentiary hearing, Storey testified regarding what he witnessed the day of the shooting. Storey testified that he heard shots and saw a man, whom he later identified as Movant, leaving the crime scene in a blue SUV. When post-conviction counsel asked Storey if he saw a woman in the backyard, Storey said no. Trial counsel also testified at the evidentiary hearing that, based on Storey's statement in the police report, she did not believe Storey's testimony would be helpful to Movant's case because it placed Movant at the crime scene. The motion court concluded that Storey "was not a materially significant witness and his testimony would not have materially altered the outcome of the trial."

To show ineffective assistance for failure to call a witness, a movant must show that: (1) defense counsel knew or should have known of the existence of the witness; (2) the witness could be located through reasonable investigation; (3) the witness would testify; and (4) the witness's testimony would have provided a viable defense. *Place v. State*, 458 S.W.3d 345, 351 (Mo. App. E.D. 2014). The movant must also show that defense counsel's decision not to call the witness was not a matter of trial strategy. *Id.* "When defense counsel believes a witness' testimony would not unequivocally support [a movant's] position, it is a matter of trial strategy not to call him, and the failure to call such witness does not constitute ineffective assistance of counsel." *Id.*

Here, Movant argues that Storey would have been helpful because his testimony would have impeached Walls' testimony. However, it is clear that Storey's testimony would not have provided a viable defense for Movant. While Storey did testify that he did not see a woman at the crime scene, Storey also would have testified that he saw Movant flee the crime scene in a blue SUV. Furthermore, simply because Storey did not see Walls at the crime scene does not establish that Walls was not, in fact, in the yard when Victim was shot. Storey testified that he did not see Victim's body in the yard, therefore, it is possible that he could not have seen Walls either. Accordingly, it was reasonable trial strategy for trial counsel not to call Storey as a witness at trial. *Place*, 458 S.W.3d at 351. We conclude that the trial court did not clearly err in denying Movant's claim that trial counsel was ineffective for failing to call Storey as a witness. Point I denied.

(Resp.'s Exh. 12, PP. 3, 5-7).

With respect to federal court review of state court conclusions, 28 U.S.C. § 2254 states in pertinent part as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254 (d).

Under federal law, in order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. *Id.* at 694. To do so, Petitioner must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

Upon consideration the Court finds that with this claim, Petitioner fails to establish deficient performance on the part of Ms. Ruess. During the evidentiary hearing on Petitioner's post-conviction motion, Mr. Storey testified that after hearing shots fired he saw a blue SUV

going up the alley behind his house. (Resp. Exh. 7, PP. 9-10). Mr. Storey further testified that from his position in his home, he saw neither the victim's body nor a woman in the backyard of the home behind his. (*Id.*, P. 11). Ms. Ruess then testified that she reviewed at least one statement from Mr. Storey in the police report, and determined that he would not be helpful to Petitioner's case. (*Id.*, P. 20). Specifically, she testified that Mr. Storey would confirm only that he heard shots, did not see who the shooter was, but did see a blue SUV pull away (and Petitioner was driving a blue SUV). (*Id.*, PP. 20, 29). From this testimony, the 29.15 motion court and Missouri Court of Appeals found Ms. Ruess's determination that Mr. Storey's testimony would not have provided a viable defense for Movant was reasonable because (a) the fact that he did not see Ms. Walls at the crime scene did not establish that she was not in fact there; and (b) Mr. Storey simply would have been a third eyewitness placing Petitioner at the crime scene. That finding was not unreasonable in light of the evidence presented in state court, and thus the Court finds trial counsel's failure to call Mr. Storey on Petitioner's behalf at trial did not fall outside the wide range of professionally competent assistance sanctioned by *Strickland*. *See Id.* at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). Ground 1 of Petitioner's § 2254 petition must therefore be denied.[8]

    **B.**    **Ground 3**

As stated above, in Ground 3 of his petition Petitioner asserts that he received ineffective assistance of counsel, in that trial counsel failed to investigate and construct a credible diagram of the crime scene to challenge the testimony of the State's eyewitnesses. Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

---

8 In light of the above ruling, the Court need not consider whether Ms. Ruess's allegedly deficient performance

## CONCLUSIONS OF LAW

6. Movant claims counsel was ineffective for failing to clearly reconstruct the crime scene to impeach the State's two eyewitnesses. He claims she should have created a credible diagram of the crime scene or used the video to challenge the testimony of Ms. Walls and Mr. Watson. He claims she did not prepare a map of the crime scene before deposing the two witnesses. He further claims an accurate map or diagram would have been helpful at trial because the account at trial of Ms. Walls changed several times with regard to what happened and where the actors were located. Movant alleges Mr. Watson also changed key facts several times.

The extent of cross-examination is generally a matter of trial strategy. Kelley v. State, 24 S.W.3d 228, 233 (Mo.App. S.D. 2000). The Court finds the facts stated in the amended motion indicate that the two witnesses were inconsistent in their accounts, and it amounts to mere speculation that an accurate map or diagram would have been beneficial. It is equally likely such a map or diagram would have clarified the accounts of the witnesses and made them more consistent and credible. This claim is without merit.

(Resp.'s Exh. 8, PP. 107-08). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

In his sixth point relied on, Movant argues that the motion court clearly erred in denying his motion for post-conviction relief because trial counsel was ineffective for "failing to construct a credible diagram of the crime scene or even use video evidence in her possession" when cross-examining Walls and Watson. Movant contends that without using a credible diagram or video evidence, trial counsel could not effectively cross-examine Walls and Watson about their respective views of the shooting. The State counters that trial counsel effectively used diagrams and photographs to cross-examine both witnesses.

"The selection of witnesses and the introduction of evidence are questions of trial strategy." Leisure v. State, 828 S.W.3d 872, 875 (Mo. banc 1992). Trial counsel "is entitled to use his or her best judgment in matters of trial strategy." Rios v. State, 368 S.W.3d 301, 312 (Mo. App. W.D. 2012). Further, the extent of cross-examination is a matter of trial strategy, and there is a strong presumption that trial counsel had a strategic reason for a decision relating to cross-examination. Id. at 310.

---

caused prejudice to Petitioner.

> Here, Movant claims that "counsel's failure to investigate and produce a professional diagram of the crime scene and/or employ the crime scene video" meant that trial counsel could not "attack and impeach the eyewitness accounts of Walls and Watson." This claim is without merit. Trial counsel deposed Walls before trial. At the deposition, Walls created a diagram of the crime scene. At trial, during cross-examination, trial counsel used the diagram of the crime scene created at the deposition. Trial counsel questioned Walls about the diagram and the inconsistencies between her statements to the police, during her deposition, and at trial. Trial counsel used photographs of the crime scene to cross-examine Watson. The photograph showed Watson's house and the house that Victim was renovating. Trial counsel had Watson mark the window where he was looking out to see the shooting, as well as the location of the trucks at the house the day of the shooting. Trial counsel also asked Watson about seeing a woman in the yard and Watson said that "he didn't know where she came" from and that she told him, three times, that she did not know who shot Victim. Accordingly, trial counsel effectively used a diagram and photographs to cross-examine both Walls and Watson.
>
> Nonetheless, Movant argues that trial counsel should have utilized the crime scene video. At the evidentiary hearing, trial counsel testified that she watched the video and determined that it was not helpful because she "didn't think it would be helpful for the jury to see the dead body there on the ground." Trial counsel testified that she decided to use photographs of the crime scene instead because the photographs "were taken at the same time, the same day, same condition." Given the fact that trial counsel was able to utilize crime scene photographs as well a diagram created during Walls' deposition, and that the crime scene video showed Victim's body on the ground, we conclude that it was reasonable strategy for trial counsel not to use the video.
>
> As a result, Movant has failed to allege facts that, if true, show that trial counsel was ineffective. Therefore, Movant was not entitled to an evidentiary hearing on this claim and the motion court did not clearly err. Point VI denied.

(Resp.'s Exh. 12, PP. 13-15).

Upon consideration the Court finds that with this claim, Petitioner fails to satisfy either prong of the *Strickland* test. With respect to deficient performance, during the evidentiary hearing on Petitioner's post-conviction motion Ms. Ruess testified that she reviewed the crime scene video before trial, and knew that she could have utilized it to assist her in deposing Mr.

Watson and Ms. Walls. (Resp. Exh. 7, PP. 25-27). She continued to state during cross-examination that she did not believe the video would have been helpful to Petitioner's defense, however, for two reasons: first, because the photographs she used at trial were essentially stills from the video, taken at the same time, the same day, and under the same conditions; and second, because by playing the video she would have subjected the jury to a viewing of the dead body. (*Id.*, P. 28). With this testimony, Ms. Ruess established that she considered using the video, but then made an informed decision to rely on other representations of the crime scene. Again, this Court finds that trial counsel's decision fell well within the wide range of professionally competent assistance sanctioned by *Strickland*. *See Id.* at 690 ("strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable"). With respect to prejudice, the Court finds the ruling by the 29.15 motion court that it amounts to mere speculation whether an accurate map or diagram would have been beneficial, as it was equally likely such a map or diagram would have clarified the accounts of the witnesses and made them more consistent and credible, was a reasonable determination of the facts in light of the evidence presented in the State court proceeding. Ground 3 of Petitioner's § 2254 petition will therefore be denied.

### C. Ground 4

As stated above, in Ground 4 of his petition Petitioner asserts that he received ineffective assistance of counsel, in that trial counsel failed to notify the State Court that Petitioner overheard a member of the victim's family threaten the jury.[9] Petitioner raised this claim before the 29.15 post-conviction motion court, and the court denied the claim as follows:

FINDINGS OF FACT

---

9 Petitioner testified that he heard a member of the victim's family say, in a "stage whisper directed at the departing

13. Ms. Ruess said movant told her he heard somebody in the gallery made a comment to the jurors as they were leaving the courtroom. She said she did not hear a comment and she asked the Sheriff who was by the gallery as the jurors exited and he said he did not hear anything said….

15. ….Movant said he was sitting at counsel table during his trial and at the end of the cross-examination of a witness, he heard somebody say to the jury as they were leaving the courtroom, "they better find him guilty." Movant acknowledged there had been an extensive inquiry regarding this issue at the time the alleged incident occurred….

CONCLUSIONS OF LAW

4. Movant claims counsel was ineffective for failing to make a record at trial and moving for a mistrial on the ground that a member of the victim's family made a threatening remark to the jury.

The Court finds there was inadequate proof of this allegation. The testimony by movant as to the remark by a member of the victim's family directed at the departing jurors was insufficiently believable, and the testimony was not corroborated by anyone else said to be present at the time.

(Resp.'s Exh. 8, PP. 101, 102, 106-07). Petitioner advanced the claim on appeal of the denial of his Rule 29.15 motion, and the Missouri Court of Appeals denied the claim as follows:

> Movant also claims that the motion court clearly erred in denying his motion for post-conviction relief because trial counsel was ineffective for failing to inform the trial court about a member of Victim's family audibly stating in front of the jury that, "They better find him guilty." Movant argues that the comment may have affected the jury's decision. The State counters that Movant's testimony was not credible.
>
> Before sentencing, Movant filed a supplemental motion for judgment of acquittal and new trial. In this motion, Movant argued that the trial court "committed prejudicial error in not calling for a mistrial as a result of the conduct and behavior of [Victim's] family throughout the trial." Movant claimed that the alleged statement to the jury, as well as Victim's family's conduct "tainted" the jury so that they were not "free from outside pressure, threats and intimidation." At sentencing, Movant testified regarding the alleged comment. Additionally, the State presented the evidence of the deputy sheriff, who testified that he did not hear a

---

jurors", that they, "better find him guilty." (Petitioner's Reply, P. 33; Resp. Exh. 7, P. 38).

˘ 16 ˘

> comment made to the jury. Subsequently, the trial court denied Movant's motion.
>
> At the evidentiary hearing, Movant testified that he overheard a member of the Victim's family say that the jury "better find him guilty." Movant testified that he informed trial counsel but that trial counsel did not inform the trial court about the incident. Trial counsel also testified at the evidentiary hearing and recalled that Movant informed her about a comment made in front of the jury. Trial counsel testified that she did not hear the comment and that she asked the deputy sheriff if he heard anything and he said that he had not. The motion court concluded that "there was inadequate proof of this allegation" and that Movant's testimony was "insufficiently believable, and the testimony was not corroborated by anyone else said to be present at the time."
>
> Movant argues that although the motion court is in the position to make credibility determinations, the trial court erred in finding that Movant's claim was not credible. Movant contends that the record supports his claim because it shows that the trial court previously admonished Victim's family for inappropriate behavior in court and that Movant complained to trial counsel about the comment immediately after hearing it. Further, Movant claims that the trial court's determination that Movant's claim about the alleged comment was not corroborated is also error because "it did not matter what the sheriff did or did not hear, but rather what the jury heard."
>
> We defer to the motion court's credibility findings. *Brown*, 353 S.W.3d at 678. It was for the motion court to determine if Movant's claim regarding a comment made in front of the jury was credible. Reviewing the entire record, we conclude that the trial court did not err in denying Movant's claim that trial counsel was ineffective for failing to inform the trial court of an alleged intimidating comment made to the jury. Point IV denied.

(Resp.'s Exh. 12, PP. 7-).

Upon consideration the Court finds that with this claim, Petitioner fails to establish the requisite prejudice under *Strickland*. As noted by the Missouri Court of Appeals, before sentencing Petitioner filed a supplemental motion for judgment of acquittal and new trial, in which he asserted that the trial court erred in not calling for a mistrial as a result of the conduct and behavior of the Victim's family throughout the trial. (Resp.'s Exh. 2, P. 43). Petitioner

specifically referenced the alleged statement to the jury, and further testified regarding such during sentencing. (Resp.'s Exh. 1, Vol. III, PP. 7-17). The trial court nevertheless denied Petitioner's motion for judgment (Resp.'s Exh. 1, Vol. III, P. 24), and further denied his post-conviction claim on the basis of credibility, after hearing testimony from both Petitioner and his trial counsel during the evidentiary hearing. (*See* Resp.'s Exh. 7, PP. 20-23, 36-44, 56-57; Resp.'s Exh. 8, PP. 106-07). Under these circumstances, the Court does not find "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Ground 4 of Petitioner's § 2254 petition will therefore be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 9) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998).

Dated this 7th Day of December, 2016.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE